Daniel A. Menendez, SBN 260822
LAW OFFICE OF DANIEL A. MENENDEZ
777 North 1st Street, Suite 350
San Jose, California 95112
Tel.: (408) 479-4969
Fax: (408) 273-6912
daniel@siliconvalleylegal.com

Attorneys for Plaintiff LUIS SEDANO


Karen Reinhold, SBN 104817
Jasmine L. Anderson, SBN 252973
HOPKINS & CARLEY
The Letitia Building
70 South First Street
San Jose, California 95113
Tel.: (408) 286-9800
Fax: (408) 998-4790
kreinhold@hopkinscarley.com
janderson@hopkinscarley.com

Attorneys for Defendant JTR AREA
DISTRIBUTORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| LUIS SEDANO,<br><br>            Plaintiff,<br><br>      v.<br><br>JTR COMPANY, a business entity, form unknown; J.T.R. AREA DISTRIBUTORS, INC., a California corporation; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No.  5:16-CV-02002 NC<br><br>**STIPULATION FOR ORDER APPROVING SETTLEMENT; ORDER**<br><br>Complaint Filed:  March 17, 2016<br>Removal Filed:    April 15, 2016<br>Trial Date:              July 10, 2017 |

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

On March 17, 2016, Plaintiff Luis Sedano ("Plaintiff") filed a Complaint in the Santa Clara County Superior Court, which Defendant JTR AREA DISTRIBUTORS, INC. (erroneously sued as J.T.R. Area Distributors, Inc.) ("Defendant") timely removed to this Court, alleging various wage-hour law violations.  In particular as relevant to this Stipulation, Plaintiff alleged a claim under section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 207, and a claim under the California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code Section 2698 *et seq*.

Because an employee's claims under the FLSA are nonwaivable, they may not be settled without supervision of either the Secretary of Labor or a district court. *Yue Zhou* v. *Wang's Restaurant*, No. 05-cv-0279 PVT, 2007 WL 2298046, *1 (N.D. Cal. Aug. 8, 2007) (citing *Barrentine* v. *Ark.-Best Freight Sys., Inc*., 450 U.S. 728, 740 (1981); *Lynn's Food Stores, Inc*. v. *United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). A district court presented with a proposed settlement of FLSA claims "must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute…. 'If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]… the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. (quoting *Lynn's Food Stores*, 679 F.2d at 1355); see also *McKeen-Chaplin* v. *Franklin Am. Mortg. Co*., No. 10-cv-5243 SBA, 2012 WL 6629608, *2 (N.D. Cal. Dec. 19, 2012).

Similarly, with respect to Plaintiff's PAGA claim, California Labor Code Section 2699(l) provides: "The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

The parties seek by this stipulation the Court's approval of their settlement pursuant to the FLSA and Labor Code Section 2699(l), respectively.

Following private mediation before the Honorable Kevin J. Murphy (Retired) of ADR Services, Inc., in San Jose, California, on December 20, 2016, the parties have reached a proposed settlement of all of Plaintiff's claims, including his FLSA and PAGA claims contingent upon Court approval. The parties have drafted a formal Settlement Agreement and General Release (the "Settlement Agreement"). The Settlement Agreement provides Mr. Sedano will receive a total of $28,000 to cover compensatory and liquidated damages, inclusive of attorneys' fees and costs.

## I. FACTS

The parties submit and stipulate to the following facts:

1. Defendant JTR AREA DISTRIBUTORS, INC. employed Plaintiff, a driver, from about August 2012 through November 2015 as a delivery driver of its products throughout the Monterey, Santa Cruz, and San Benito counties. Defendant is based out of San Jose, California.

2. Plaintiff contends Defendant failed to pay him for all hours worked, failed to provide required meal and rest periods, failed to provide accurate itemized wage statements, failed to maintain accurate records of hours worked, and failed to pay all wages due at time of employment termination entitling him to waiting time penalties under California Labor Code Section 203.

3. Defendant denies all of Plaintiff's allegations and has vigorously disputed its liability in this case. Defendant contends Plaintiff received full pay, including appropriate overtime pay, for all hours worked and disputes Plaintiff's remaining allegations regarding missed meal periods or rest breaks.

4. Both parties have witnesses they believe will support their claims, are

prepared to continue discovery, and ultimately file dispositive motions over some or all of the claims or defenses in this case.

5. The parties have exchanged documents and information through required disclosure and written discovery. The parties have also exchanged confidential information through mediation in an effort to reach an early resolution of these claims. All counsel and parties are satisfied they have had ample opportunity to evaluate and consider the viability of claims and defenses raised in this case. The parties have disputed the potential range of loss in this case, and dispute the proper amount of damages to be awarded to the Plaintiff, if any, were Plaintiff were to be successful at trial.

6. The parties have compromised their claims and defenses in amounts mutually agreeable. Plaintiff has taken into account the risk in proceeding, *i.e.*, that certain evidence may allow a jury to find Defendant did not violate, much less willfully, the FLSA. Finally, there is a risk in the collectability of any judgment against a small business. In sum, Plaintiff might not receive the full damages he seeks, or any damages, if the matter fully proceeded to trial given the length of time and expense involved.

7. If discovery in this case continued, and dispositive motions were filed, the parties would proceed to trial beginning July 10, 2017 on any surviving claims. A trial in this case would take an estimated seven court days. The parties are all desirous of resolving this dispute before that time, and avoiding the costs and uncertainty of any trial.

8. The Court has not resolved the issue of liability, much less damages, prior to the parties' compromise of these claims.

9. Plaintiff has calculated claimed potential liability for unpaid wages, unpaid overtime premiums, and liquidated damages – the types of damages awardable under the FLSA – in an amount of approximately $11,812.00. Defendant computes the value of such claims as zero. Plaintiff's other claimed damages arise under California law and Defendant

vigorously disputes those claims.

10. Plaintiff has accepted $28,000.00 as a compromise and settlement of all claims, including his FLSA claim, to cover compensatory and liquidated damages and PAGA penalties, inclusive of attorney's fees and costs related to this action.

## II. JOINT REQUEST FOR APPROVAL OF SETTLEMENT

### A. The FLSA cause of action

The parties submit:

1. The manner in which potential damages were to be calculated remained an issue of dispute between the parties, as hours of work were contested as was the availability and use of meal periods and rest breaks.

2. Notwithstanding, calculations were performed and shared between the parties concerning the approximate damages Plaintiff could potentially receive following a trial.

3. Multiple conversations and written communications were exchanged between counsel regarding the merits of this action and issues relating to the Plaintiff's claims.

4. Plaintiff has been advised in writing of the terms of the proposed settlement, and undersigned counsel for Plaintiff reports Plaintiff agrees to and does not object to the proposed settlement. In the opinion of counsel for the Plaintiff, who is experienced in both prosecuting and defending cases such as this, the value of the settlement is fair in light of the facts and special circumstances unique to this case.

5. The parties have also reached an agreement with respect to statutory attorney fee shifting and cost claims. The value of the fees and costs is approximately $13,000.00. There is no objection by Defendant as to the amount of fees and costs.

6. Plaintiff's counsel here has spent approximately 50 hours prosecuting this action. As discussed above, the case involved difficult factual and legal issues. Addressing those legal issues required some skill and expertise by Plaintiff's counsel who is experienced in

handling wage-hour cases including those alleging claims under the FLSA, and counsel took this case on a contingency fee.  Moreover, the fee Plaintiff requests is not out of line with fees awarded in other similar cases.

7. Importantly, Plaintiff understands and has approved the settlement of counsel fees and costs.  Given the months of negotiations, along with the pre-suit investigation and the time spent preparing the complaint, the modest amount of attorney's fees is reasonable.

Therefore, the parties believe the proposed Settlement is fair and reasonable to Plaintiff and does not otherwise impermissibly frustrate implementation of the FLSA.  The Agreement was reached in good faith, arms-length negotiations and constitutes a fair resolution of Plaintiff's claims. *See Bonetti v. Embarg Mgmt. Co.,*715 F. Supp. 2d 1222. 1227 (M.D. Fla., 2009) ("Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement…Rarely will the Court be in a position to declare that such a settlement is "unreasonable"). The likely expense and duration of this litigation is substantial and adverse to the respective interests of Plaintiff and Defendant. The probability of Plaintiff's success on the merits on all his claims is difficult to ascertain with reasonable certainty at this stage given Plaintiff's claims for relief are disputed vigorously by Defendant and will depend upon adjudication of various hotly contested factual issues in litigation.

For Plaintiff, the settlement will enable him immediately to conclude this litigation, to obtain personal closure of outstanding issues with Defendant, to obtain compensation he has expressed a desire and need to promptly obtain, and will obviate meaningful, undesirable personal difficulties of litigation he will otherwise experience in the near future, including responding to discovery and appearing for deposition, and continued time-consuming assistance to his counsel.

### B. The PAGA cause of action

The parties agree no penalty amount should be allocated to the PAGA claim. PAGA permits private enforcement of Labor Code violations when the Labor Code does not otherwise specifically provide a civil penalty. With respect to the alleged failure to pay wages for all hours worked, Labor Code sections 203, 210 and 225.5 provide civil penalties for failure to comply with sections 201, 221, 222, and 223 respectively. With respect to the claimed failure to pay overtime premiums, Labor Code section 558 provides a civil penalty for violation of Labor Code Section 510 ["'Day's work'; hours."]; similarly, Labor Code Section 1197.1 provides civil penalties for violation of sections 1194, 1194.2, and 1197, Labor Code Section 1199 provides civil penalties for violation of Labor Code Section 1198. With respect to the alleged meal and rest break violations, Labor Code Section 226.7(c) provides civil penalties for violation of Labor Code Section 512 and of applicable orders of the Industrial Welfare Commission.

The settlement agreement includes consideration to the Plaintiff for lost wages, liquidated damages, general damages and attorney's fees in return for dismissal of this action and a general release.

California Labor Code Section 2699(l) provides: "The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part." Thus, the parties seek by this stipulation to satisfy California Labor Code Section 2699(l). Because the respective Labor Code provisions at issue in this case provide civil penalties, the parties agree PAGA does not apply.

The parties further agree, upon the Court's approval of this motion, the foregoing matter shall be dismissed with prejudice, as set forth in the attached proposed Order.

WHEREFORE, the parties respectfully request the Court approve their proposed Settlement, and issue an Order in the form of the Proposed Order Approving Settlement, submitted herewith.

Respectfully submitted,

Dated: January 6, 2017            LAW OFFICE OF DANIEL A. MENENDEZ

By:   /s/ Daniel A. Menendez
      Daniel A. Menendez
      Attorney for Plaintiff
      LUIS SEDANO

Dated: January 6, 2017            HOPKINS & CARLEY

By:   /s/ Karen Reinhold
      Karen Reinhold
      Attorneys for Defendant
      JTR AREA DISTRIBUTORS, INC.

## ORDER

IT IS ORDERED that:

1. The parties' settlement includes a fair and reasonable resolution of the Plaintiff's claim under the FLSA and does not impermissibly frustrate implementation of the FLSA. The Court approves that settlement;

2. Because the respective Labor Code provisions at issue in this case provide civil penalties, PAGA does not apply.

3. The complaint is dismissed with prejudice.

Dated: January 6, 2017      _____
                                            NATHANAEL COUSINS
                                            United States M[agistrate Judge]

